# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARSHALL CLARK, )
)
        Petitioner, )
)
v. ) **Case No. CIV 11-112-FHS-KEW**
)
ANITA TRAMMELL, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, attacks his convictions and sentences in Okfuskee County District Court Case Number CF-2007-125 for Kidnapping (Count I), First Degree Rape (Counts II and III), and Forcible Sodomy (Counts IV and V).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a state prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner is raising four claims in this petition for a writ of habeas corpus:

    I.      There was no DNA testing.

II. The evidence showed petitioner did not commit the offenses at the same time as his co-defendant, although they allegedly committed the offenses together.

III. This was petitioner's first offense.

IV. The arresting officer was not credible.

The record shows that petitioner raised none of these issues in his direct appeal, *see Clark v. State*, No. F-2008-1093 (Okla. Crim. App. Mar. 30, 2010), and petitioner admits he has not presented his habeas corpus claims to the state courts. He claims his appellate attorney failed to present Grounds I and III in the direct appeal. He further asserts Ground II was not raised on direct appeal, because his codefendant had not yet been tried, and he did not learn of the basis for Ground IV until after trial.

Petitioner has not filed an application for post-conviction relief for any of his habeas claims. The claims could be considered in state court only if there was a sufficient reason for failure to raise them on direct appeal. *See* Okla. Stat. tit. 22, § 1080. Petitioner could pursue an application for post-conviction relief to present his claims of ineffective assistance of counsel with his substantive claims. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). He also could raise the other claims, if he could demonstrate the claims were not waived by his failure to present them in his direct appeal. *See Robinson v. State*, 937 P.2d 101, 104-05 (Okla. Crim. App. 1997) ("[P]ost-conviction claims which could have been raised in prior appeals but were not are generally considered waived.").

**ACCORDINGLY,** respondent's motion to dismiss petition for failure to exhaust state court remedies [Docket #8] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of December, 2011.

Frank H. Seay
United States District Judge